All right, we're ready to hear argument in the final case of the day, United States against Parker, Ms. Christensen. Good morning, your honors, counsel. My name is Joanna Christensen and I represent the appellant Jeffrey Parker in this matter. Including recovered bank robbery proceeds held by law enforcement in a restitution order erroneously exceeds the proven loss. United States v. Anderson compels this court to reverse and remand the restitution order. Counsel, where is this the money now, what agency, what? My understanding, my understanding from the government, actually, is that it has been given to the clerk's office and returned. And Mr. Stephen can probably talk a little bit about that, but. Yeah, that's happened just recently, as far as I know. All right, thank you. So you say that the other decision compels reversal, but we're here on plain error review. And one aspect of plain error review is whether there's been a miscarriage of justice. How can it be a miscarriage of justice if there is a restitution order of $11,000 against which $11,000 is credited and your client owes nothing? Yes, Your Honor, I will point out that United States v. Anderson was decided also on plain error review, the same review here. The other, the difference that it makes personally to Mr. Parker is that when he gets to the BOP, that restitution order for the full amount follows him. And that can have an effect on his participation in the inmate financial responsibility program in that how much he owes in restitution is part of the calculus of how much he has to. Excuse me, I'm lost. I'm sorry, Your Honor. I don't see how it affects him. Suppose he took the $11,000 away from the bank. Well, he did. Hid it in his basement. And after his conviction, he goes and restitution order, he goes to the basement, gets it out of the box, hands it over, and the judgment is marked satisfied. Are there any continuing consequences of a restitution order that's satisfied? If it's completely satisfied, probably not. I'm unsure what happens with the BOP and that. The issue here is I understand the position. That's exactly what's going on here. The restitution order will be marked satisfied. Partially satisfied, yes, Your Honor. But it does affect how much he's ordered to pay in the BOP per month or per quarter, whatever the IFRP calculation is. And it's twice as much then. Do you have any reason to believe, Ms. Stephan will be able to clarify that or shed some light on it. But suppose your understanding is correct. As we sit here, we don't have any reason to think the BOP is not going to mark the restitution satisfied, do we? Well, I just know from practice that the BOP doesn't get a communication from the clerk's office when restitution is paid from a source other than the BOP. So there is no communication between the clerk's office and the Bureau of Prisons regarding payment of restitution. The BOP takes only. That sounds like a problem independent of anything in this case. Right. Why don't you just ask the clerk's office to send the Bureau a letter saying this award has been satisfied? And we can certainly do that as well, Your Honor. However, there is a problem with the statutory requirement that any property returned is subtracted from the restitution order. That's part of 3663A, that a restitution order does not include this amount that's returned. So in essence, the judgment is erroneous under Anderson and the statute. I'm lost again. Let's take my example once again. Man robs the bank, takes $11,000 out the door, puts it in his basement. And he tells the court when he pleads guilty, I've got it in my basement and I'll hand it back as soon as I get a chance or as soon as my wife goes and visits the basement. You're surely not arguing that there can't be a restitution order in that case just because the money is sure to come back. Well, I think if there's properly a restitution order there, which will then be marked satisfied when the money is returned, why not a restitution order here marked satisfied when the money is returned? In that case, there's, of course, no guarantee that it will be returned. I think that would be the government's position that they're not going to take the client's word for, hey, I'll just give it back once I'm sentenced. The government would like, of course not. But look, the reason we got into this is that you are contending that this must be plain error because the very fact of the restitution order is an injury to the defendant, whether it is satisfied or not. And it doesn't seem to me you would be taking that position in my hypothetical, and then I'm not sure why you're taking that position here. Well, in your hypothetical, Your Honor, the defendant has control over it and can return it. In Mr. Parker's case, he does not. Law enforcement or the government has control of the money, and that is where the order should go, is the order to return it by law enforcement, not by the defendant necessarily. Didn't you just tell me that they've sent it to the clerk's office? They have sent it to the clerk's office, Your Honor. So that's not the issue. The issue is the restitution order still shows that Mr. Parker owes twice as much as he should owe. That's the issue. The restitution should not include. Have you asked the district court to modify their order? I have not, Your Honor, because the judgment is still on appeal and I don't want to modify a judgment that's currently on appeal. Ms. Christensen, I don't mean to be pedantic about this, but when I read the judgment itself, it all but reads to me that it has been satisfied. And the reason that I say that is because it references, as you well know, the 11-457 from the defendant, and it says that has been applied toward restitution. So it's as if that table above in that loss amount, it's as if it was written to say 11-312-99 minus 11-312-99 equals zero. Right, except there's an additional amount in there. Well, I mean, yeah, that's peanuts. That's not why we're here. Right. Well, right. And I think that the issue is, is that when it's entered in the BOP, is that it's not entered as a lower amount. It's entered as what the restitution is ordered. And that's the $25,000 amount. And that's what Mr. Parker is currently paying on. And that's how. Counsel, can't the district court modify their order to show that it's been paid? Or at least it's in the. Yes, the district, yes, the district court can modify the judgment. And if the case were not on appeal, we, you know, and of course, I only represent him on appeal, but that would have been the step to take. But this court has said in the past, the modification of judgments is not appropriate while the judgment is currently on appeal. So anything on appeal other than the amount of this monetary amount? No, this is the only issue. So I say I'm in my rebuttal time, unless the court has questions, I'll allow the government to have a chance and and and continue with my rebuttal. Certainly, counsel, Mr. Good afternoon, please. The court. My name is Corey Stephan and I represent the government in this matter. I think the court is correct in the questions that we've we've addressed so far is that there was no plein air in this case. The defendant robbed a bank. He was caught after a dramatic car chase and crash and the money was recovered. At sentencing, the court ordered the restitution for the full amount that the defendant stole from the bank, but immediately credited it with the expected return of the recovered money. Now, the money was not the defendant's. He had no claim to it. He couldn't personally return it himself because it was in custody of law enforcement and the money was ordered returned to the bank. That was something that was contemplated at the time of sentencing. The parties all agreed to the amount. There was no dispute about that at the time of of sentencing. So the defendant was not harmed in this case. There was no air that affected his substantial rights. Now, in terms of the outstanding restitution, there is still outstanding restitution for the FedEx truck. The defendant did contest that by filings and at the sentencing hearing in the district court, the defendant objected to the insurer. Where's the eleven four fifty seven today? The eleven four fifty seven. May I speak outside the record? I mean, I know it's not in the record, but it just seems to me that this is just a matter of we just have to get this cleared up. So it it indicates that it's been satisfied if it seems clear on its face that it's been satisfied. But if you know where the money's at today, I'd like to hear what you have to say about that. Thank you. Yes, your honor. While we were working on this appeal, we followed up with the law enforcement agencies, confirmed that the money was returned through the clerk of court's office. And we have received and I'm willing to supplement the record if the court if it pleases the court. We have received a summary of debt balances, which I've shared with opposing counsel here, which states that the eleven thousand three hundred and twelve dollars and ninety nine cents was applied to the restitution going towards the summit credit union and the additional one hundred and forty four dollars and one cent that was found on the defendant's person. One hundred of that was taken and applied towards the special assessment. The other forty four dollars and one cent were applied to additional victim restitution, which would be the first payment towards the FedEx truck. So everything went as planned. The defendant owed the restitution and it was paid or returned credited to him. And in fact, it was credited at the time of the sentencing hearing. Now, there might be several different ways for courts to do this, but here the district court attempted to protect the victim's rights, which is mandatory under the Mandatory Victim Restitution Act. The court attempted to protect the defendant's rights and did protect the defendant's rights by crediting the recovered cash and the court made a complete record. So I think the government's position is that the court is mandated under the MVRA to order full restitution. And in terms of the cases here, the defendant cites Anderson, but the government's position is set forth in our brief is that that's factually distinct. Just as Taylor tends to fall in favor of the government here, the defendant points out that there are factual distinctions. All of these cases that we're looking at here have factual distinctions. And in fact, in Anderson, the remand was for a proper determination because it wasn't concluded whether or not the money was returnable or not. So so that was remanded for an additional determination. So for all of those reasons, the government's position is that there was no plain error in this case, that the district court acted properly in protecting the rights of the victim, protecting the rights of the defendant and making an accurate record. If you and counsel for the defendant went to the district judge, couldn't you clear this up? Why are you why are you up here on appeal? I don't quite understand. It's beyond me. Well, your honor, the government's responding to the to the brief that was filed, the appeal that the defendant filed. I understand that. But what we're talking about is the money's already both of you explain them. It's already been taken care of. Why don't you go to the district court and have him clear it up? And your honor, I think that that has already been cleared up in terms of the debt balance, which it's a document. It's like a little spreadsheet which we got from the clerk of court's office. Again, I shared that with opposing counsel here today. So the the money balance has been cleared up to the extent or Stefan. Is there any anything about that document that would prevent Miss Christensen or a colleague from mailing a copy of it to the warden or to the BOP's general counsel? I don't see any reason why not, your honor. So unless there are any further questions, the government's position is that the district court acted properly here, properly ordered restitution, and there was no plain error. So absent any other questions, the government rests on its brief. Thank you. Thank you, counsel. Anything further? Miss Christensen? Sir, just briefly, I we do still have the Anderson case to deal with and thirty six sixty three a B one B two, which says that there is no plain error. The loss should be less the value of the property that's returned. That's what the rest of restitution order should be. So as far as Taylor Taylor, of course, those proceeds were not connected to or shown to be connected to the robbery. But in reality here is that one of us could send the notice from the clerk's office to the BOP. I've had questionable luck sometimes doing that from my own personal experience. It often has to come directly from the court. And some wardens, that was why I suggested you might want to go to the district judge and let him do that. Yes, your honor. And I think that that is an option. But when a judgment is on appeal, we don't usually seek to or I know this is a little bit of unusual case. However, it is an unusual case. And that that is one way to rule. The rule counsel is that a district judge can't modify a judgment while the case is on appeal. There's no reason why a district court can't send a letter or a spreadsheet to the Bureau of Prisons so long as the judgment isn't modified. Sure, but then the question would be that the letter perhaps conflicts with the judgment. I understand the court's feeling here. It seems to be an issue that that is not not a huge deal, but it does make a difference to Mr. Parker and the BOP. So that is why we've raised it under the Anderson case in the statute. Unless the court has further questions, I ask for the court to remand for directions to correct the judgment. Thank you. Thank you very much. The case is taken under advisement and the court will be in recess.